IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

OMAR ALMUSA,

       Defendant.

Criminal No.  18-00065
ELECTRONICALLY FILED

## PRETRIAL ORDER

**AND NOW**, this 9th day of May, 2018, the Court **HEREBY ORDERS** as follows:

### A.  Final Pretrial Orders

1.     **Jury Selection & Trial**.  Jury selection and trial are set for **August 20, 2018, at 9:00 a.m.,** in Courtroom 7C, 7th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.

2.     The Court shall conduct a pretrial conference in this case on **August 16, 2018 at 9:00 a.m.**  A preliminary pretrial conference with the senior law clerk shall be held on **August 2, 2018, at 9:30 a.m**.

3.     **Exchange of Witness Lists and Exhibits**.

a.     The government shall file with the Court a list of trial witnesses, under seal, listing separately the witnesses it will call and the witnesses it may call if needed (other than purely for impeachment or rebuttal).  For each witness listed the government shall provide an offer of proof explaining the substance of the witness' testimony.  The offers of proof shall be no more than one (1) double-

      spaced page with twelve (12) point font.  Said witness list and offers of proof need not be served on defendant, and shall be due by **July 6, 2018.**

b.   Defendant shall file with the Court, under seal, his or her list of trial witnesses, <u>excluding defendant</u>, listing separately the witnesses it will call and the witnesses it may call if needed (other than purely for impeachment or rebuttal).  For each witness listed Defendant shall provide an offer of proof explaining the substance of the witness' testimony.  The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font.  Said witness list and offers of proof need not be served on the government, and shall be due by **July 13, 2018**.

c.   On **July 24, 2018,** counsel shall file on CM/ECF a Joint Exhibit List Chart (with columns) setting forth all government and defendant trial exhibits, by exhibit number, date, author, type of document, objection as to authenticity (if any) with response, and objection as to admissibility with response.  At the same time, a copy of each exhibit in a binder/notebook, shall be delivered to chambers.  (The actual copy of the exhibits should not be filed on CM/ECF, only the Joint Exhibit List Chart shall be filed on CM/ECF).  The hand delivered Joint Exhibit List Chart, with a copy of the exhibits in a binder, shall be delivered to chambers by **July 24, 2018**. One paper copy of each exhibit displayed during trial is to be provided to the Deputy Clerk the morning following its display.  In order for the Jurors' Exhibits Binder to be complete when deliberation begins, counsel must be prepared to bring one paper copy of each exhibit to be displayed on the last day of trial to Court the last day of trial.  Counsel must provide the Deputy Clerk one

       binder(s) that will hold the paper copies of the exhibits to be submitted to the jury at the close of trial, and this will constitute the original record for purposes of appeal, if any.

    d.    Voluminous data shall be presented by summary exhibits pursuant to Fed.R.Evid. 1006, and voluminous exhibits shall be redacted to eliminate irrelevant material (which shall remain available for examination by opposing counsel).  Where copies of documents are offered, the originals shall be available for examination, unless waived by stipulation.

    e.    Counsel must provide a copy of each exhibit for the Court Reporter before trial begins.

4.    **Jencks Act - Impeachment Materials - Rule 404(b).**  The government shall provide defense counsel with copies of any *Brady/Giglio* impeachment materials not previously disclosed, and any evidence of defendant's uncharged conduct which it intends to introduce at the trial pursuant to Federal Rule of Evidence 404(b), on or before **July 6, 2018**.  The government is encouraged to provide all Jencks Act materials prior to the pretrial conference.

5.    **Motions**.  The parties shall file all motions in limine, including motions under Fed.R.Evid. 104(a) and motions to limit or sever issues, together with supporting briefs or memoranda of law, by **July 24, 2018**.  Responses shall be filed by **July 31, 2018.**  All briefs supporting or opposing such motions are limited to 5 pages.  The Parties are strongly encouraged to use hyperlinks when filing on CM/ECF, in accordance with Section D. of the Court's Practices and Procedures.

6.    **Proposed Jury Instructions & Verdict Slips**.  Counsel shall meet in an attempt to agree on a joint set of proposed <u>substantive</u> jury instructions regarding the offenses charged

and their elements, the theory of the defense, and any matters <u>particular or unique</u> to this case; the parties need not submit "boilerplate" or standard criminal jury instructions. After said meeting, and on or before **July 24, 2018,** counsel file a <u>unified</u> (meaning one) combined set of proposed instructions, and shall e-mail a copy of the proposed instructions to the law clerk assigned to the case, or alternatively, deliver a computer disk/CD to chambers containing the instructions in WordPerfect format.   The filed set of instructions shall include both the agreed upon instructions and the proposed instructions to which the parties have not agreed.  Each agreed upon instruction shall include the following notation at the bottom: "This proposed instruction is agreed upon by the parties."  Each instruction to which the parties have not agreed shall indicate at the bottom the name of the party proffering the instruction.  Proposed instructions by different parties shall by grouped together (i.e., instruction should be matched with counter instructions).

<ul><li>   <u>The Court will not accept separate proposed jury instructions from the parties</u>.</li></ul>

The Court generally rules on jury instructions prior to the Final Pretrial Conference on ECF.

      7.      **Voir Dire**.  Counsel are permitted to supplement the standard questions provided that the proposed supplemental voir dire questions are submitted to the Court in writing by **July 17, 2018**.  Voir dire questions will be asked by the Court, with as many questions as possible asked of the panel en banc.  Individual voir dire will be limited in the interest of conserving time.  The government shall have six (6) peremptory challenges and the defense shall have ten (10) peremptory challenges collectively.  Each side shall have one challenge for two alternate jurors.

      8.      **Joint Stipulations**.  The parties shall file joint stipulations by **July 24, 2018.**

All possible stipulations shall be made as to:

    a.    Facts;

    b.    Issues to be decided;

    c.    The authenticity and admissibility of exhibits;

    d.    Expert qualifications and reports;

    e.    Deposition testimony to be read into the record; and

    f.    <u>A neutral summary of the indictment and a brief statement of the defense which will be read to the jury to introduce the trial and to be read to the venire before jury selection.</u>

Counsel shall meet at a mutually convenient time and place to produce the joint stipulation in time for filing as ordered.

### B. Trial Procedure

1.    **Hours**.  Court is in trial session, unless otherwise ordered by the Court, Monday through Thursday, 9:00 a.m. to 5:00 p.m. with breaks when appropriate.  **All counsel are expected to be in their seats and ready to commence at the appointed times.**

2.    **Exhibits**.  Because counsel will have previously marked and exchanged all exhibits and provided a copy to the Court, it will not be necessary during the trial to show exhibits to opposing counsel prior to using them.

3.    **Approaching the Witness**.  It is not necessary for counsel to request permission to approach a witness.

4.    **Testifying Officers and Agents**. All testifying law enforcement officers and agents shall have any reports or declarations they have prepared or used to refresh their recollections with them on the witness stand. All witnesses who will testify about the content of

documents will review those documents prior to taking the stand and be prepared to answer questions about document contents based on their prior reading.

5. **Opening and Closing Statements**. Up to thirty (30) minutes is permitted to each side for opening and closing statements, depending on the complexity of the case. Counsel may use exhibits or charts in opening argument provided that the same have been provided to opposing counsel beforehand and either agreement was reached or the Court has ruled upon the matter.

6. **Side Bar Conferences**. The Court believes that counsel should be considerate of the jurors' time. Consequently, side bar conferences are highly disfavored because they waste the jury's time and unduly extend the length of the trial. Counsel will meet with the Court at 8:30 a.m. each day (or earlier if necessary to ensure that trial commences on time) to raise points of evidence or other issues that would otherwise necessitate a side bar conference. Failure to raise the issue at that time will generally result in a disposition of the in-court objection in the presence of the jury. If necessary, counsel and the Court may amplify their objections and rulings on the record after the jury has been excused for a break, for lunch or for the day.

The Court will be available at **8:00 a.m.** each morning to address such evidentiary and other issues. It is the responsibility of counsel to notify other counsel of the need for a conference at 8:00 a.m. and all other counsel will be expected to be there at the appointed time for argument. **THE COURT WILL NOT DELAY THE PROCEEDINGS TO RESPOND TO LAST MINUTE REQUESTS FOR CONFERENCES TO DISCUSS MATTERS WHICH, IN THE EXERCISE OF REASONABLE DILIGENCE, COULD HAVE BEEN HEARD AT THE MORNING CONFERENCE.**

7. **Witness List.**  Counsel shall provide opposing counsel throughout the trial with a list of the next day's witnesses in the order they are expected to be called.  The same procedure will be employed by both sides at the end of each trial day.  Counsel should be sure that they have adequate witnesses to fill the time allotted each day.

8. **Note Taking**.  The jury shall be permitted to take notes, and will be given detailed cautionary instruction as to their appropriate use.

9. **Jury Questions**.  All written questions submitted by the jury are supplied to counsel.  Counsel and the Court will meet to discuss and hopefully agree on a reply.  The jury is then summoned to the Courtroom in most cases and the verbal reply is given to them.  A written reply is provided where appropriate.

10. **Jury Instructions**.  A copy of the jury instructions shall be provided to the jury for use during its deliberations.

11. **Jury Access to Exhibits**.  Unless otherwise advised by counsel, it will be assumed that all admitted exhibits will be sent out with the jury.

12. **Use of Technology**.  The parties are hereby ordered to use trial presentation technology and courtroom technology, and trial exhibit summaries (pursuant to Rule 1006 of the Federal Rules of Evidence), to the fullest extent possible.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record