

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania  15219*                    *412/644-3500*

June 4, 2018

Martin Dietz, Esquire
The Mitchell Building
304 Ross Street, Suite 505
Pittsburgh, PA 15219

Re:    United States of America v.
       Omar Almusa
       Criminal No. 18-65

Dear Mr. Dietz:

This letter sets forth the agreement by which your client, Omar Almusa, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Omar Almusa and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Omar Almusa will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Omar Almusa, agrees to the following:

        1.    He will enter a plea of guilty to Counts 1, 87 and 88 of the Indictment at Criminal No. 18-65, charging him with violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846 and 18 U.S.C. §§ 1347 and 2, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

```
LIMITED OFFICIAL
USE
```



2.      He acknowledges his responsibility for the conduct charged in Counts 2-86 of the Indictment at Criminal No. 18-65 and stipulates that the conduct charged in those Counts may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.

3.      He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts, at such times, and according to such terms as the Court shall direct.

4.      He will immediately notify the Court and the United States Attorney of any improvement in his economic circumstances that might increase his ability to pay restitution and that occurs from the date of this agreement until the completion of his sentence, including any term of supervised release.

5.      Upon request of the United States, he agrees to provide all information regarding his income, assets and financial status. He agrees to submit to interviews as to these matters/complete a financial statement under oath/submit to a polygraph examination.

6.      If the Court imposes a fine or restitution as part of a sentence of incarceration, Omar Almusa agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

7.      At the time Omar Almusa enters his plea of guilty, he will deposit a special assessment of $300.00 in the form of cash, check, or money order payable to "Clerk, U.S. District Court".  In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

8.      Omar Almusa waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

(a)     If the United States appeals from the sentence, Omar Almusa may take a direct appeal from the sentence.

(b)     If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Omar Almusa may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

Page 3

Nothing in the foregoing waiver of appellate rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law.   The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B.     In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1.     After the imposition of sentence, the United States Attorney will move to dismiss the remaining counts of the Indictment at Criminal No. 18-65, without prejudice to their reinstatement if, at any time, Omar Almusa is permitted to withdraw his plea of guilty. In that event, Omar Almusa waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.

2.     The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Omar Almusa in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

3.     The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

C.     Omar Almusa and the United States Attorney further understand and agree to the following:

1.     The penalty that may be imposed upon Omar Almusa is:

As to Count One:

(a)     A term of imprisonment of not more than (20) years;

(b)     A fine of $ 1,000,000;

(c)     A term of supervised release of  not more than 5 years;

(d)     A special assessment under 18 U.S.C. § 3013 of $100;

(e)     Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664.

As to Count 87:

(a)     A term of imprisonment of not more than (20) years;

(b)     A fine of $ 1,000,000;

(c)     A term of supervised release of  not more than 5 years;

(d)     A special assessment under 18 U.S.C. § 3013 of $100;

(e)     Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664.

As to Counts 88:

(a)     A term of imprisonment of not more than 10 years;

(b)     A fine of $250,000;

(c)     A term of supervised release of not more than 3 years;

(d)     A special assessment under 18 U.S.C. § 3013 of $100;

(e)     Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664.

2.     The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

3.     The parties stipulate that the type and quantity of controlled substance attributable to Omar Almusa in this case for the purposes of § 2D1.1 of the Sentencing Guidelines is 5,280 tablets of hydrocodone and acetaminophen, amounting to 39,600 mg of hydrocodone, which convert to 265.32 kilograms of marijuana which results in an offense level of 24. This stipulation includes all relevant conduct as to drug quantity, under § 1B1.3 of the Guidelines, and represents the parties' best understanding on the basis of the information available as of the date of this agreement. This stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.  The foregoing stipulation does not preclude either party from seeking guideline enhancements or reductions as to factors which are not the subject of the stipulation.

4.     The parties understand that, to the extent applicable and pursuant to 21 U.S.C. § 862, the Court may, in its discretion, order that the defendant be

        ineligible for a period of five years for all Federal benefits as defined in § 862(d).

5.      This agreement does not preclude the government from pursuing any civil or administrative remedies against Omar Almusa or his property.

6.      The parties agree that, although charges are to be dismissed pursuant to this agreement, Omar Almusa is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment). Omar Almusa waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

7.      Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Omar Almusa and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

SCOTT W. BRADY
United States Attorney

I have received this letter from my attorney, Martin Dietz, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

OMAR ALMUSA

6/27/2018
Date

Witnessed by:

MARTIN DIETZ, ESQUIRE
Counsel for Omar Almusa